Priority ✓
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL



DOCKETED ON CM
MAY 2 6 2006
BY ___ 051

| Case No. | CV 05-2580-RSWL (JTLx) | Date | May 26, 2006 |
|---|---|---|---|

Title   **SANYO ELECTRIC CO., LTD v. MEDIATEK, INC. ET AL.**

Present: The Honorable   Jennifer T. Lum, United States Magistrate Judge

| Debra Plato | | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| No Appearance | No Appearance |

Proceedings:   (In Chambers) PLAINTIFF'S MOTION PURSUANT TO FED. R. CIV. P. 37(a) FOR DOCUMENTS AND WITNESSES RELATED TO DEFENDANT'S ACQUISITION OF PATENTS ASSERTED AGAINST SANYO

The Court, having taken this matter under submission pursuant to Local Rule 7-15 and Fed. R. Civ. P. 78, has reviewed the Joint Stipulation, the declarations and exhibits filed in support of and in opposition to plaintiff's Motion for Documents and Witnesses Related to Defendant MediaTek, Inc.'s Acquisition of Patents Asserted Against Sanyo ("Motion"), and plaintiff's Supplemental Memorandum filed May 2, 2006. The Court issues the following ruling:

Plaintiff's Motion seeks to compel defendant MediaTek, Inc. to produce documents in response to plaintiff's Fourth Set of Document Request Nos. 130-132, 134-136, 138-140, 142-144, 148-150, 152-154, 156-158, and 160-162 and to produce a Rule 30(b)(6) witness on topic nos. 11 and 13 pursuant to Fed. R. Civ. P. 30(b)(6). The information relates to defendant's acquisition and assertion of three third party patents that defendant acquired during the period from August 2004 to January 2005. Plaintiff claims that defendant purchased these patents for the purpose of asserting them against plaintiff in retaliation for plaintiff filing the Complaint in this action. In support of its claim, plaintiff points to an e-mail communication sent by defendant MediaTek, Inc.'s corporate counsel to plaintiff's in-house patent manager. Defendant's in-house counsel states the following in the e-mail: "As you might have already known, in response to Sanyo's complaint in the CDCA, MediaTek has filed a complaint in the Eastern District of Texas on August 31, 2005 alleging that Sanyo Electric Co. and Sanyo North America Inc. have been infringing upon two of MediaTek's patents." (See Dahiya Decl., Exh. 2). Plaintiff seizes upon this language and argues that evidence that defendant bought the patents in Texas in an effort to "strong arm Sanyo into walking away from the case," is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

directly relevant to the issue of defendant's willful infringement.

Defendant, in response, argues that plaintiff has failed to show any connection between the discovery it seeks and the issue of willful infringement. Defendant argues that plaintiff's theory is "both fantastic and unbelievable" as well as speculative. (Joint Stip. at 4).

Defendant correctly points out that the cases upon which plaintiff initially relied do not directly support plaintiff's discovery requests. See Lam, Inc. v. Johns-Manville Corp., 668 F.2d 462, 475-76 (10th Cir. 1982) and Jenn-Air Corp. v. Penn Ventilator Co., Inc. 394 F. Supp. 675-76 (E.D. Pa. 1975). Nevertheless, Fed. R. Civ. P. 26(b)(1) clearly states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." As meritless as defendant may believe plaintiff's claim is, plaintiff is still entitled to obtain discovery that is relevant to its claim, or, in this case, relevant to an element of one of its claims. As Rule 26 sets out, even the mere fact that the discovery sought is inadmissible at trial does not preclude the disclosure thereof if the discovery is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Thus, whether any of the information that plaintiff seeks here is ultimately admitted by the Court at trial is an entirely separate issue. As the court stated in Applied Medical Resources Corp. v. United States Surgical Corp., 353 F. Supp. 2d 1075, 1077 (C.D. Cal. 2004), "[a] jury's primary task regarding willfulness is to examine the infringer's state of mind and to determine whether it acted in good faith when infringing." Thus, "the jury must evaluate all the evidence to determine whether the infringer acted in good faith." Id. In light of the liberal discovery standard that exists, the Court finds that plaintiff has met its burden sufficient to justify its request for discovery pertaining to the reasons surrounding defendant's acquisition of the patents and its reasons to file the lawsuit in the Eastern District of Texas. Although defendant also contends that plaintiff's theory is based purely on speculation, plaintiff cites to the e-mail communication referenced above, which is a sufficient ground upon which to premise plaintiff's theory of retaliation.

Notwithstanding the foregoing, however, the Court finds that the information sought in the specific discovery requests is overbroad. Based upon the claim of willful infringement as plaintiff has articulated, the relevant information sought should be limited to the reasons or motivations underlying defendant's purchase of the third party patents. Therefore, plaintiff's Motion is GRANTED in part as to Request Nos. 130-132, 134-136, and 160-162. The Court also rejects defendant's argument that production of such discovery would be burdensome as defendant has failed to offer any support for its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

conclusory statement. Plaintiff's Motion as to topic nos. 11 and 13 in the Notice of Deposition served on defendant pursuant to Fed. R. Civ. P. 30(b)(6) is GRANTED. However, the scope of the questions to be asked during the witness's deposition shall be consistent with the Court's ruling on the foregoing Requests for Production of Documents. Defendant is ordered to comply with this Order by June 16, 2006.

cc: Parties

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FAX DELIVERY ON PLAINTIFF/DEFENDANT (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT FAX NUMBER OF RECORD IN THIS ACTION ON THIS DATE.

DATE: 5/26/06

DEPUTY CLERK

Initials of Deputy Clerk     dp