Priority ✓
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

DOCKETED ON CM
MAY 26 2006
BY
051

Case No.   CV 05-2580-RSWL (JTLx)                                              Date   May 26, 2006

Title   <u>SANYO ELECTRIC CO., LTD v. MEDIATEK, INC. ET AL.</u>

Present: The Honorable   Jennifer T. Lum, United States Magistrate Judge

| Debra Plato | | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:                       Attorneys Present for Defendants:

No Appearance                                           No Appearance

Proceedings:   (In Chambers) PLAINTIFF'S MOTION PURSUANT TO FED. R. CIV. P. 37(a) FOR DOCUMENTS AND WITNESSES RELATED TO DEFENDANT'S DESIGN-AROUND EFFORTS

The Court, having taken this matter under submission pursuant to Local Rule 7-15 and Fed. R. Civ. P. 78, has reviewed the Joint Stipulation, the declarations and exhibits filed in support of and in opposition to plaintiff's Motion for Documents and Witnesses Related to Defendant's Design-Around Efforts ("Motion"), and plaintiff's Supplemental Memorandum and declaration filed May 2, 2006. The Court issues the following ruling:

Plaintiff's Motion seeks to compel defendant MediaTek, Inc. to do the following: (1) produce documents in response to plaintiff's Document Request Nos. 37 and 176 relating to defendant's design-around activities up through the present date; (2) produce a privilege log regarding the documents that defendant redacted or withheld in response to Request Nos. 37 and 176 dated after April 7, 2005, which is the filing date of the Complaint; and (3) provide a witness pursuant to Fed. R. Civ. P. 30(b)(6) on topic no. 5 pursuant to its Rule 30(b)(6) deposition notice.

In response, defendant asserts that plaintiff's first request is moot, as defendant has always agreed to produce non-privileged documents in response to plaintiff's Document Request Nos. 37 and 176. Defendant also contends that plaintiff did not meet and confer on this issue pursuant to Local Rule 37-1, thereby resulting in the unnecessary filing and briefing of motions as to this issue. Because defendant does not contest its continuing obligation to produce non-privileged documents in response to these requests, plaintiff's Motion seeking to compel further production in response to Request Nos. 37 and 176 is DENIED as moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Plaintiff's second request that defendant should include in the privilege log the documents that defendant withheld or redacted, but that are dated after April 7, 2005, is also DENIED. Plaintiff neither disputes nor adequately reconciles with its current position the confirming letter that defendant sent to plaintiff on January 19, 2006, confirming the parties' agreement that "neither party will be logging attorney-client-privilege and work product protected documents dated on or after April 7, 2006, the date on which the original complaint in this matter was filed." (Chen Decl., Exh. 5). Plaintiff's reference to the September 14, 2005 letter from plaintiff to defendant is inapposite as it deals solely with the scope of production of documents and does not address the parties' agreement as to any privilege log. (De Decl., Exh. 14).

Finally, plaintiff requests that defendant produce a witness pursuant to Fed. R. Civ. P. 30(b)(6) to address topic no. 5, which states the following:

> Any attempts by MediaTek to design or redesign MediaTek Chips to attempt to avoid infringing the patents-in-suit including, without limitation, MediaTek's "SAM" project, referred to in MediaTek's documents, e.g., MTK-SNY-519283-MTK-SNY-519284."

Defendant argues, first, that because any response to the topic would elicit privileged information, it would be "needlessly burdensome" to bring a witness from Taiwan just so plaintiff's counsel can ask questions to which the witness would be instructed not to answer. Second, defendant argues that the witness it intends to produce on topic no. 20, which concerns "[t]he design, structure, operation and function of MediaTek Chips which have CD-ROM decoding capability including, but not limited to, the chips identified in its responses to Sanyo's Interrogatory No. 1," will address any design changes in defendant's optical storage chips that have been implemented relating to the functionality described in the patents-in-suit. In response, plaintiff contends in its Supplemental Memorandum that topic nos. 5 and 20 differ in that topic no. 5 covers all attempts by defendant to design-around, not just as to the new design chip.

Notwithstanding plaintiff's argument, defendant's position is that it will not produce a witness due to the privileged nature of the information sought. However, the appropriate remedy for defendant is to seek a protective order pursuant to Fed. R. Civ. P. 30(b), which defendant has not done. See United States v. Kordel, 397 U.S. 1, 9 (1970).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Accordingly, plaintiff's Motion is GRANTED as to its request to compel defendant to produce a Rule 30(b)(6) witness to testify as to topic no. 5.

cc: Parties

Initials of Deputy Clerk    dp