Priority —
Send ✓
Enter —
Closed —
JS-5/JS-6 —
JS-2/JS-3 —
Scan Only —

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

DOCKETED ON CM
JUN 12 2006
BY _____ 051

Case No.  CV 05-2580-RSWL(JTLx)                                 Date  June 12, 2006

Title  **SANYO ELECTRIC CO., LTD v. MEDIATEK, INC., ET AL.**

================================================================

Present: The Honorable    Jennifer T. Lum, United States Magistrate Judge

| Debra Plato | | 06-09 |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:              Attorneys Present for Defendants:

   Hiroyuki Hagiwara                                  James C. Otteson
   Craig Hentschel

Proceedings:   RULING RE: MOTION TO COMPEL OPINIONS AND RELATED
               DOCUMENTS BASED ON WAIVER AND TO COMPEL
               DEPOSITION WITNESSES


    Plaintiff's Motion to Compel Opinions and Related Documents Based on Waiver and to Compel Deposition Witnesses ("Motion to Compel") was heard on June 6, 2006. The matter was called and the parties stated their appearances. The Court heard argument and took the matter under submission. The Court now issues the following ruling:

    Plaintiff seeks an order (1) finding that defendant MediaTek waived any privilege and immunity associated with its opinions on the '252 and '801 patents based on MediaTek's disclosure of privileged content in those opinions; (2) compelling defendant MediaTek to produce the opinions and documents relating to the opinions; (3) compelling defendant MediaTek to provide Rule 30(b)(6) deposition witnesses for five topics relating to the issue of willfulness and MediaTek's duty of due care; and (4) compelling MediaTek to provide its in-house counsel, Wei-Fu Hsu, for deposition.

    Defendant MediaTek initially responds by contending that it never disclosed the substance of its privileged opinions of counsel. Notwithstanding this, MediaTek has informed Sanyo of its decision to rely on the opinion letters of outside counsel from Townsend and Townsend ("Townsend"). Accordingly, MediaTek has agreed to produce the opinions and underlying documents upon which it intends to rely in its defense of a willful infringement claim. Additionally, MediaTek has agreed to make witnesses

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

available to testify regarding MediaTek's reliance on the opinions.[1] MediaTek states that it has produced the Townsend opinion letters and "all documents reached by the waiver." (MediaTek's Amended Supp. Memorandum at 3; Nguyen Amended Supp. Declaration, Exhs. 8-9). Plaintiff replies that defendant MediaTek should be compelled to produce all documents of in-house counsel, opinion counsel, and trial counsel that relate to the subject matters of the opinion letters. In support of its claim, plaintiff relies on In re EchoStar Communications Corporation, 2006 WL 1149528 (Fed. Cir. 2006).

In In re EchoStar, TiVo sued EchoStar Communications Corporation and other defendants for patent infringement. In response to the allegation of willful infringement, EchoStar asserted the defense of reliance on advice from its in-house counsel. EchoStar later obtained additional legal advice from outside counsel, Merchant & Gould. Although EchoStar claimed that it elected not to rely on Merchant & Gould's advice, the district court found that by relying on advice of in-house counsel, EchoStar also waived its attorney-client privilege and attorney work-product immunity with respect to Merchant & Gould as well, including communications made before or after the filing of the complaint and any work product, whether or not the product was communicated to EchoStar. On appeal, the Federal Circuit held that:

> [W]hen an alleged infringer asserts its advice-of-counsel defense regarding willful infringement of a particular patent, it waives its immunity for any document or opinion that embodies or discusses a communication to or from it concerning whether that patent is valid, enforceable, and infringed by the accused. This waiver of both the attorney-client privilege and the work-product privilege includes not only any letters, memorandum, conversation, or the like between the attorney and his or her client, but also includes, when appropriate, any documents referencing a communication between attorney and client.

In re EchoStar, 2006 WL 1149528, at *8.

---

[1] The Court has issued a separate order addressing plaintiff's motion to compel the deposition of Wei-Fu Hsu, defendant MediaTek's general counsel.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Here, plaintiff argues that based upon the Federal Circuit's opinion, MediaTek must produce documents relating to the subject matter of the opinion letters in the possession of all counsel, including non-opinion counsel. This Court, however, finds that plaintiff's interpretation of the scope of waiver contemplated in the EchoStar case is far too expansive. Plaintiff seems to have latched on to the language early in the opinion in which the Federal Circuit summarizes the district court's initial order, stating that the district court initially found that EchoStar had waived its attorney-client privilege and work-product immunity "relating to advice of any counsel regarding infringement, including Merchant & Gould." In re EchoStar, 2006 WL 1149528, at *1. But it is clear from reading the opinion in its entirety that the context of the discovery obligations contemplated by the court was only as to documents in the possession of opinion counsel; i.e., counsel upon whom the defendant would conceivably rely in support of its advice of counsel defense. This limitation is further supported by the following language in the case, which essentially frames the issue: "Whether counsel is employed by the client or hired by outside contract, the offered advice or opinion is advice of counsel or an opinion of counsel." In re EchoStar, 2006 WL 1149528, at *3. Thus, the case revolved around the defendant's efforts to avoid producing documents in the possession of outside opinion counsel, by arguing that they did not actually rely on outside opinion counsel's advice. Nowhere does the court suggest, however, that the waiver extends to non-opinion counsel, or counsel upon whom the defendant did not intend to rely in support of its advice of counsel defense. Finally, the order that the Federal Circuit subsequently issued in In re EchoStar, dated May 16, 2006, is consistent with MediaTek's position in this case. The Federal Circuit ultimately ordered EchoStar to produce "all documents created by the Merchant & Gould law firm that relate to any infringement or validity analysis of the [patents] where said documents (1) were communicated to EchoStar or (2) reflect a communication to EchoStar (i.e. documents that reference and/or describe a communication between opinion counsel and EchoStar)." (See Order dated May 16, 2006).

In this case, only the Townsend law firm served as opinion counsel. MediaTek's trial counsel, Wilson Sonsini Goodrich & Rosati, did not render any opinions on which MediaTek intends to rely in support of its advice of counsel defense. Thus, defendant MediaTek must produce (1) all documents created by the Townsend law firm that relate to their analysis of infringement or validity of the patents in suit, or (2) documents that Townsend communicated to defendant MediaTek or that reflect a communication between Townsend and MediaTek. Defendant may redact any information that is unrelated to infringement or validity, or that concerns trial strategy.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Accordingly, based upon the foregoing, plaintiff's Motion to Compel Opinions and Related Documents Based on Waiver is DENIED. MediaTek, to the extent it has not yet done so, must produce documents consistent with this Order.


cc: Parties



|  | 45 |
|---|---|
| Initials of Deputy Clerk | |