Priority ___
Send ✓
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 05-2580-RSWL(JTLx) | Date | October 11, 2006 |
|---|---|---|---|

Title  **SANYO ELECTRIC CO., LTD v. MEDIATEK, INC., ET AL.**

Present: The Honorable    Jennifer T. Lum, United States Magistrate Judge

| Debra Plato | | 06-09 |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None present | None Present |

Proceedings:   (In Chambers) ORDER RE: PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH THE COURT'S RULING ON PRODUCTION OF PRIVILEGED MATERIALS AND TO COMPEL PRODUCTION OF NEWLY IDENTIFIED OPINIONS OF COUNSEL

On June 12, 2006, the court issued an Order on plaintiff's Motion to Compel Opinions and Related Documents Based on Waiver and to Compel Deposition Witnesses. Plaintiff sought production of two opinion letters dated November 10, 2004 and February 22, 2006, from outside counsel. Ultimately, the court ordered defendant MediaTek to produce all documents created by the Townsend and Townsend and Crew law firm ("Townsend") regarding the firm's analysis of infringement or validity of the patents in suit, including documents that the law firm had communicated to defendant MediaTek or that reflected a communication between Townsend and defendant. (See Order dated June 12, 2006).

In the instant Motion to Compel, plaintiff, relying upon the court's June 12 Order and In re EchoStar Communications Corp., 448 F.3d 1294 (Fed. Cir. 2006), seeks an order from the court ordering defendant Mediatek, Inc. to produce the following: (1) two additional opinions that defendant received from Townsend regarding the infringement of the patents-in-suit and all documents relating to the opinions; (2) two additional opinions that defendant received from the law firm of Wilmer Cutler Pickering Hale & Dorr ("Wilmer Hale") relating to the infringement of the patents in suit and all documents relating to those opinions; and (3) documents that concern or relate to defendant's in-house opinions or advice derived from internal investigations.

Defendant argues that plaintiff is not entitled to any other opinions that defendant received from outside counsel: first, the additional opinions do not address the validity of the patents-in-suit; second, the opinions relate to a subject matter that is different from

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

the subject matter of the two previously identified opinion letters dated November 10, 2004 and February 22, 2005, i.e., the additional opinion letters relate to design proposals that defendant never implemented and chips with a different design than the "old design chips;" and third, defendant does not rely on these additional opinion letters for its advice of counsel defense as they relate to the "new design chips," which are not part of plaintiff's claim for infringement. In sum, defendant's waiver in relation to the November 10, 2004 and February 22, 2005 Townsend opinion letters cover only the "old design chips" and does not extend to subject matter involving the "new design chips."

The June 12 order was based on plaintiff's argument that defendant had waived any privilege and immunity associated with legal opinions rendered on the '252 and '801 patents. Defendant stated that it intended to rely on the two opinions letters from Townsend in support of its advice of counsel defense. The court ultimately ordered that defendant produce (1) all documents created by the Townsend law firm that relate to their analysis of infringement or validity of the patents-in-suit or (2) documents that Townsend communicated to defendant or that reflect a communication between Townsend and defendant MediaTek.

Although defendant argues that the opinion letters concern different subject matters, on June 6, 2006, Kevin LeMond, author of the November 10 and February 22 opinions, testified during his deposition that subsequent to February 22, 2005, he provided another opinion relating to the infringement and/or invalidity of either the '252 or '801 patent. (Dahiya Decl., Exh. 5 at 150:19-151:18). Defendant Mediatek's Rule 30(b)(6) witness, Chung-Chieh Fang, testified during his deposition that, in addition to the November 10 and February 22 opinion letters, defendant received two additional Townsend opinions regarding the infringement of the '252 and '801 patents. (Dahiya Decl., Exh. 7 at 394:14-396:25). In light of the foregoing testimony, as broad as it may be, the court cannot find that the subject matter of the opinions at issue fall outside the scope of the June 12 Order. Accordingly, plaintiff's Motion to Compel as to the two additional Townsend opinion letters is GRANTED.

Plaintiff also requests that defendant produce two opinion letters provided by Wilmer Hale. "When an alleged infringer asserts its advice-of-counsel defense regarding willful infringement of a particular patent, it waives it immunity for any document or opinion that embodies or discusses a communication to or from it concerning whether that patent is valid, enforceable, and infringed by the accused." Echostar, 448 F.3d at 1304. The Court in Echostar also noted that when a party defends its actions by disclosing an attorney-client communication, it waives the attorney-client privilege as to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

all such communications regarding the same subject matter. Echostar, 448 F.3d at 1301. There, the Court ultimately found that a law firm's work product that was not communicated to the defendant or did not reflect a communication with the defendant was not within the scope of the defendant's waiver because it obviously had not played a part in the defendant's belief as to infringement of the patent. Id. at 1305.

Here, defendant's witness, Chung Chieh Fang, testified that Wilmer Hale provided written opinions in 2006 regarding the infringement or non-infringement of both the '252 or '801 patents. (Dahiya Decl., Exh. 7 at 329:17-332:14). For the same reasons stated above, plaintiff's Motion to Compel as to the Wilmer Hale opinion letters is GRANTED. To the extent defendant takes issue with the relevancy of the opinion letters for trial, based either on their subject matter or the fact that the letters were issued after litigation commenced, such objections may be appropriately raised in pre-trial *in limine* motions. See Echostar, 448 F.3d at 1303 n.4 (waiver of opinions extends to advice and work product given after litigation commences so long as ongoing infringement is at issue in the litigation).

As to plaintiff's third request in its Motion to Compel for documents relating to defendant's internal investigation, the court find that the request falls outside the scope of the June 12 Order. Accordingly, plaintiff's Motion to Compel is DENIED as to said request.

cc: Parties

: 45

Initials of Deputy Clerk