UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-2580-RGK (JTLx) | Date | December 26, 2006 |
|---|---|---|---|

| Title | *SANYO ELECTRIC CO., LTD. v. MEDIATEK, INC., et al.* |
|---|---|

Present: The Honorable  R. GARY KLAUSNER, U.S. DISTRICT JUDGE

| Sharon L. Williams | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

Not Present                Not Present

**Proceedings:** (IN CHAMBERS) **DEFENDANTS' MOTION FOR REVIEW OF MAGISTRATE LUM'S OCTOBER 11, 2006 ORDER (DE 411)**

**I.  FACTUAL BACKGROUND**

Before this patent infringement suit began, MediaTek, Inc. ("Defendant") obtained two opinion letters from outside counsel ("Townsend") relating to infringement or invalidity of Sanyo Electric Co., Ltd.'s ("Plaintiff") patents in suit. (Nov. 10, 2004 Opinion Letter; Feb. 22, 2005 Opinion Letter.)

After the suit began, Defendant received two additional patent opinions from Townsend and obtained more patent opinions (collectively "Later Opinions") from another law firm.

On June 12, 2006, the Magistrate Judge (the "Magistrate") issued an order compelling Defendant to "produce (1) all documents created by the Townsend law firm that relate to their analysis of infringement or validity of the patents in suit, or (2) documents that Townsend communicated to defendant MediaTek or that reflect a communication between Townsend and MediaTek."[1] (June 12, 2006 Order.) The documents were not covered by attorney-client privilege because Defendant asserted an advice-of-counsel defense to willful infringement.

Defendant produced the first two opinions from Townsend but refused to provide the Later Opinions. Defendant contended that the Later Opinions covered different products than those at issue in the suit, which were completely different architectures and still in the design stage. Additionally, Defendant maintained that the Later Opinions did not address invalidity or infringement of the patents in suit.

---

[1] The order continues, "Defendant may redact any information that is unrelated to infringement or validity, or that concerns trial strategy." (June 12, 2006 Order.)

On October 11, 2006, the Magistrate issued an order compelling Defendant to produce the Later Opinions. (Oct. 11, 2006 Order.) The Magistrate noted that Townsend's counsel and Defendant's in-house counsel admitted in their depositions that the Later Opinions covered invalidity and/or infringement of the patents in suit. (*Id.*)

On October 25, 2006, Defendant filed a motion for review of the Magistrate's October 11, 2006 order, which is presently before the Court.

## II.   JUDICIAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a), a district court has authority to review decisions of a magistrate judge. Unless the magistrate judge's order is clearly erroneous or contrary to law, the district court shall uphold the order. Fed. R. Civ. P. 72(a). The "clearly erroneous" standard applies to the magistrate judge's factual determinations and discretionary decisions, and requires a definite and firm conviction that a mistake has been made. *Concrete Pipe & Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 623 (1993); *see also Grimes v. City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991); *Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997). On the other hand, the "contrary to law" standard, which applies to the magistrate judge's purely legal conclusions, calls for the court's independent review of such conclusions. *Med. Imaging Ctrs. of Am., Inc. v. Lichtenstein*, 917 F. Supp. 717, 719 (S.D. Cal. 1996).

## III.   DISCUSSION

Defendant has waived its attorney-client privilege with respect to opinions and related documents provided to and from counsel concerning infringement or invalidity of the patents at issue. This decision is not at issue. What is at issue are the Magistrate's factual findings. The Magistrate found that the Later Opinions concern infringement or invalidity of the patents at issue. The Magistrate based this finding on admissions of Defendant's own counsel. Basing a finding on the admission of a party's counsel is not clearly erroneous. Therefore, it was not clearly erroneous or contrary to law for the Magistrate to compel the Later Opinions to be produced.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's motion for reversal of the Magistrate's order is **denied**.

**IT IS SO ORDERED.**

Initials of Preparer   slw